U.S. NINTH CIRCUIT COURT NUMBER: 22-16106

IN THE UNITED STATES COURT OF APPEALS

NINTH CIRCUIT COURT - STATE OF CALIFORNIA

Harry J. Williby,

            Appellant/Plaintiff,

App. Ct. Case No.:
22-16106

vs.

District Ct. No.:
3:22-cv-01271-VC

Sergey Brin., et al.,
     Defendants/Appellees.

_____

Appeal from the Final Judgment of the

Northern District Court of California

U.S. District Judge Vince Chhabria, Presiding

# APPELLANT'S OPENING BRIEF

*Final Judgment Entered on the 23rd day of June, 2022*

Harry J. Williby
P.O. Box 990755
Redding, California 96099
**Phone: 000-000-0000**

## TABLE OF CONTENTS

COVER PAGE                                                         1

TABLE OF CONTENTS                                                  2

TABLE OF AUTHORITIES                                               3

I. CORPORATE DISCLOSURE STATEMENT                                  5

**II.** STATEMENT OF JURISDICTION                                  5

**III. Ninth Circuit Local Rule 28-2.5 Statement**                5

**IV. STATEMENT OF RELATED CASES**                                **7**

**V.** STATEMENT OF THE ISSUES PRESENTED FOR REVIEW               8

**VI. STATEMENT REGARDING ORAL ARGUMENT**                         8

**VII.** STATEMENT OF THE CASE                                    9

**VIII. Statement of Facts**                                      11

**A.** Appellant's Complaint                                      **11**

**B.** The Fed. R. Civ. P. 12(b)(1) Dismissal as Frivolous        11

**C.** Summary of Appellant's Argument                            **14**

**IX. Argument**                                                  **15**

**A. The Appellees, Jointly and Severally, have Failed to Defend
Against the Action**                                              **15**

**B. The Fed. R. Civ. P. 12(b)(1) Dismissal Constitutes Abusive
Error**                                                           **19**

**C. Recusal Under 28 U.S.C. § 455(a) Was Required Sua Sponte**   20

**X. Conclusion**                                                 **26**

**XI. Relief Sought**                                             **26**

**Certificate of Compliance/Service**                             **27**

# TABLE OF AUTHORITIES

**Federal Statues**

| | |
|---|---|
| 15 U.S.C. § § 1, 2 | 8 |
| 15 U.S. Code § 1125(a)(1)(A) and (B) | 8 |
| 28 U.S.C. § 144 | 15 |
| 28 U.S.C. § 455(a),(b) | 8, 15, 16, 25 |
| 28 U.S.C. Sec. 1291 | 24 |
| 11 CFR § 9012.5 | 23 |
| 18 U.S. Code Section 1030 | 24 |

**Federal Rules**

| | |
|---|---|
| Federal Rule of Appellate Procedure, Rule 26.1 | 5 |
| Federal Rules of Appellate Procedure 29(d) and 32(a)(7)(C) | 28 |
| Federal Rules of Civil Procedure, Rule 4(e)(1) | 10, 11 |
| Federal Rules of Civil Procedure, Rule 11 | 6 |
| Federal Rules of Civil Procedure, Rule 12(b)(1) | 11, 19, 20, 25 |
| Federal Rule of Civil Procedure, Rule 55(a) | 11 |
| Federal Rule of Civil Procedure , Rule 55(b)(2) | 18 |

**Ninth Circuit Rules**

| | |
|---|---|
| Ninth Circuit Local Rule 28-2.1. | 05 |
| Ninth Circuit Local Rule 28-2.2. | 05 |
| Ninth Circuit Local Rule 28-2.5 | 05 |
| Ninth Circuit Local Rule 28-2.6(c) | 07 |

**U.S. Supreme Court Case Law**

| | |
|---|---|
| Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 860 n.8 (1988) | 25 |
| United States v. Microsoft Corp., 253 F.3d 34, 113 (D.C. Cir. 2001) | 25 |
| Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998) | 11 |
| Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994) | 20 |

**Ninth Circuit Court Case Law**

| | |
|---|---|
| In re Application for Exemption from Elec. Pub. Access Fees by Jennifer Gollan & Shane Shifflett, 728 F.3d 1033, 1036 (9th Cir. 2013) | **5** |
| Van Dusen v. Swift Transp. Co. Inc., 830 F.3d 893, 896 (9th Cir. 2016) | **5** |
| Smith v. Pacific Props. & Dev. Corp., 358 F.3d 1097, 1100 (9th Cir. 2004) | 5 |
| Oki Semiconductor Co. v. Wells Fargo Bank, 298 F.3d 768, 772 (9th Cir. 2002) | **6** |
| AE ex rel. Hernandez v. County of Tulare, 666 F.3d 631, 636 (9th Cir. 2012) | **6** |

Jewel v. Nat'l Sec. Agency, 673 F.3d 902, 903 n.3 (9th Cir. 2011) **6**

Thinket Ink Info Res., Inc. v. Sun Microsystems, Inc., 368 F.3d 1053, 1061 (9th Cir. 2004) **6**

Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) **6**

Flowers v. First Hawaiian Bank, 295 F.3d 966, 976 (9th Cir. 2002) **6**

Maronyan v. Toyota Motor Sales, USA, Inc., 658 F.3d 1038, 1039 (9th Cir. 2011) **6**

BNSF Ry. Co. v. O'Dea, 572 F.3d 785, 787 (9th Cir. 2009) **6**

Kingman Reef Atoll Invs., LLC v. United States, 541 F.3d 1189, 1195 (9th Cir. 2008) **6**

United States v. Peninsula Communications, Inc., 287 F.3d 832, 836 (9th Cir. 2002) **6**

G.C. & K.B. Inv., Inc. v. Wilson, 326 F.3d 1096, 1109-10 (9th Cir. 2003) **6**

Christian v. Mattel, Inc., 286 F.3d 1118, 1121 (9th Cir. 2002) **6**

Westlands Water Dist. v. United States, 100 F.3d 94, 96 (9th Cir. 1996) **7**

O'Bannon II, 802 F.3d at 1061 **7**

FTC v. BurnLounge, Inc., 753 F.3d 878, 883 (9th Cir. 2014) 7

United States v. Alexander, 106 F.3d 874, 877 (9th Cir. 1997) 8, 9 **7**

Prete v. Bradbury, 438 F.3d 949, 968 n.23 (9th Cir. 2006) 7

Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) 16

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986) 16, 17

Televideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) **17**

Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984) 19

TCI Group Life Ins. Plan, 244 F.3d at 697 19

Assoc. of Am. Med. Coll. v. United States, 217 F.3d 770, 778 (9th Cir. 2000) 20

## Other Authorities

III. Civil Proceedings, B. Pretrial Decisions in Civil Cases, 84. Subject Matter Jurisdiction **6,7**

Cal. Civ. Pro. § 415.30 10, 11

J & J Sports Prods, Inc. v. Concepcion, No. 10- CV-05092, 2011 U.S. Dist. LEXIS 60607, at *5, 2011 WL 2220101 (N.D. Cal. June 7, 2011) 18

Vongrabe v. Sprint PCS, 312 F. Supp. 2d 1313, 1318 (S.D. Cal. 2004)

# I. Ninth Circuit Local Rule 28-2.1. Statement

## CERTIFICATE OF INTERESTED PERSONS & CORPORATE DISCLOSURE STATEMENT

This statement is made pursuant to Federal Rule of Appellate Procedure 26.1.

Appellant is not a corporate entity and has no parent corporation, subsidiaries or

affiliates that have issued shares to the public.

## II. Ninth Circuit Local Rule 28-2.2.

## STATEMENT OF JURISDICTION

(a) The Ninth Circuit Court of Appeals has jurisdiction to entertain this appeal pursuant to 28 U.S.C. Sec. 1291. (See In re Application for Exemption from Elec. Pub. Access Fees by Jennifer Gollan & Shane Shifflett, 728 F.3d 1033, 1036 (9th Cir. 2013) ("The question of appellate jurisdiction must always be resolved before the merits of an appeal are examined or addressed." (quotation marks and citation omitted)). "Pursuant to 28 U.S.C. § 1291, we only have appellate jurisdiction over 'final decisions' of district courts." Van Dusen v. Swift Transp. Co. Inc., 830 F.3d 893, 896 (9th Cir. 2016).)

(b) The final order and judgment of the district court was rendered on June 23, 2022. [ECF Nos. 22 and 23] Appellant filed a timely Notice of Appeal on July, 2022. [ECF No. 24].

## III. Ninth Circuit Local Rule 28-2.5.

**Reviewability and Standard of Review**

A dismissal without leave to amend is reviewed de novo.  *See Smith v. Pacific Props. & Dev. Corp.*, 358 F.3d 1097, 1100 (9th Cir. 2004) (noting underlying legal determinations require de novo review); *Oki Semiconductor Co. v.*

*Wells Fargo Bank*, 298 F.3d 768, 772 (9th Cir. 2002). Dismissal without leave to amend is improper unless it is clear, upon de novo review that the complaint could not be saved by any amendment. *See AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012); *Jewel v. Nat'l Sec. Agency*, 673 F.3d 902, 903 n.3 (9th Cir. 2011); *Thinket Ink Info Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004). Dismissal of a pro se complaint without leave to amend is proper only if it is clear that the deficiencies of the complaint could not be cured by amendment. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002) (noting that court is cautious in approving a district court's decision to deny pro se litigant leave to amend). The court reviews de novo dismissals based on the following: Subject matter jurisdiction. *See Maronyan v. Toyota Motor Sales, USA, Inc.*, 658 F.3d 1038, 1039 (9th Cir. 2011); *BNSF Ry. Co. v. O'Dea*, 572 F.3d 785, 787 (9th Cir. 2009) [T]he court's factual findings relevant to its determination of subject matter jurisdiction are reviewed for clear error. *See Kingman Reef Atoll Invs., LLC v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008); *United States v. Peninsula Communications, Inc.*, 287 F.3d 832, 836 (9th Cir. 2002). Rule 11 sanctions based on frivolousness are reviewed for an abuse of discretion. *See G.C. & K.B. Inv., Inc. v. Wilson*, 326 F.3d 1096, 1109-10 (9th Cir. 2003); *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1121 (9th Cir. 2002). *See also* III. Civil Proceedings, B. Pretrial Decisions in Civil Cases, 84. Subject Matter Jurisdiction. "The district

court abuses its discretion when it bases its decision on an erroneous view of the law or a clearly erroneous assessment of the facts." Id. (internal quotation marks and citation omitted). Westlands Water Dist. v. United States, 100 F.3d 94, 96 (9th Cir. 1996). The court reviews factual findings for clear error and legal conclusions de novo. See O'Bannon II, 802 F.3d at 1061. Under clear error review, we must "accept the district court's findings of fact unless we are left with the definite and firm conviction that a mistake has been committed." Id. (quoting FTC v. BurnLounge, Inc., 753 F.3d 878, 883 (9th Cir. 2014)); see also United States v. Alexander, 106 F.3d 874, 877 (9th Cir. 1997) ("We must not reverse as long as the findings are plausible in light of the record viewed in its entirety[.]"). In other words, a decision is not clearly erroneous unless it "strike[s] us as wrong with the force of a five-week-old, unrefrigerated dead fish." Prete v. Bradbury, 438 F.3d 949, 968 n.23 (9th Cir. 2006) (internal citation omitted).


## IV. Ninth Circuit Local Rule 28-2.6(c).
## Statement of Related Cases

The matter of Williby v. Sergey Brin, US Dist. Ct., Case No. 21-cv-02210-VC; USCA 9th Cir. Case Number 21-71353 (re: petition for writ of mandamus); Williby v Alphabet,  US Dist. Ct., Case No. 18-cv-05986-JST; and Williby v. Zuckerberg, U.S. District Court, (CAND) 3:18-cv-06295-JD, are related, or similar case(s).

## V. STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

This action (3:22-cv-01271-VC) commenced under Sections 1 and 2 of the Sherman Act to restrain anticompetitive conduct by the defendants, the world's largest providers of the Android OS, Google Apps, Google Search browser, Internet advertising, online sales, and online news feed, and to remedy the effects of their past unlawful conduct. Defendants' actions, conduct and agreements are restraints of trade that are per se unlawful under Section 1 of the Sherman Act, 15 U.S.C. and § 2. This is also an action for damages and other relief arising out of the Defendants' unlawful and unfair decision to deprive Plaintiff of earned Internet Advertising Revenue. Defendants' actions, conduct and agreements are restraints of trade that are per se unlawful and constitute false advertising under the Lanham Act, 15 U.S. Code § 1125(a)(1)(A) and (B). The Defendants/Appellees, and each of them, jointly and severally, failed to plead, answer, or defend against the action.

The appellant seeks review of the district court's dismissal of the action as frivolous and for lack of subject matter jurisdiction; the Appelles failure to plead, answer, or defend against the action; and the Court's failure to recuse itself pursuant to 28 U.S.C. § 455 (Sua Sponte).

## VI. STATEMENT REGARDING ORAL ARGUMENT

The Appellant therefore believes that oral argument would not assist the Court in its deliberations. Therefore, Appellant is not requesting oral argument.

## VII. STATEMENT OF THE CASE

On February 28, 2022, Appellant filed a COMPLAINT FOR DAMAGES (3:22-cv-01271-VC) against Sergey Brin, Larry Page, Pichai Sundararajan, a.k.a., Sundar Pichai, his predecessor, Eric Schmidt, dba, Alphabet, Inc., Google, LLC., and YouTube, LLC., dba, Blogger, dba, Google AdSense (Pay-Per-Click) Mark Zuckerberg, dba, Facebook, Inc., Jeff Bezos, dba, Amazon.com, Inc. ("Appellees," hereafter). (DKT. 1). The matter was assigned to District Court Judge Vince Chhabria.

Appellant's summons and complaint were identical to the complaint filed in Williby v. Sergey Brin, US Dist. Ct., Case No. 21-cv-02210-VC. The matter was also assigned to District Court Judge Vince Chhabria. Appellant sought to recuse Judge Chhabria in this action. Jude Chhabria denied the motion in a two sentence order, stating: "The motion to recuse is denied. This is not a motion that warrants referral to the Clerk. See Civ. L.R. 3-14." *(See* US Dist. Ct., Case No. 21-cv-02210-VC, DKT. 22, filed 10/1/2021.) Williby v. Sergey Brin, US Dist. Ct., Case No. 21-cv-02210-VC was dismissed without prejudice by Judge Chhabria on November 24, 2021. The ORDER OF DISMISSAL states:

"*This case is dissmissed without prejudice because the plaintiff has failed to show that he served the defendants in compliance with California law. See Fed. R. Civ. P. 4(e)(1). California law permits service by first-class mail or airmail,*

*postage prepaid. See Cal. Civ. Pro. § 415.30. A copy of the summons, the complaint, two copies of eh notice and acknowledgement provided in that statute, and a return envelope, postage prepaid and addressed to the sender, must be included. Id.*

*The process server's proofs of service state that he sent the summons, complaint, notice and acknowledgement of receipt, and civil case cover sheet to the defendants by certified mail. But he does not indicate that he included a second copy of the notice and acknowledgement of receipt or a return envelope, postage prepaid and addressed to the sender." (See* US Dist. Ct., Case No. 21-cv-02210-VC, DKT. 29, filed 11/24/2021.)

The Clerk of the District Court issued summons in the action (3:22-cv-01271-VC) on March 1, 2022. (DKT. 03)

"*The plaintiff, Harry Williby, has filed multiple pro se lawsuits in this district, often against major Silicon Valley figures or entities. See, e.g., Williby v. Alphabet Corporation, No. 4:18-cv-04903-JST; Williby v. Alphabet Corporation, No. 4:18-cv-5986-JST; Williby v. Zuckerberg, No. 3:18-cv-06295-JD; Williby v. Brin, No. 3:21-cv-02210-VC; Williby v. Hearst Corporation, No. 5:15-cv-02538-EJD. This time, he has filed a lawsuit against Sergey Brin, Larry Page, Pichai Sundararajan, Eric Schmidt, Google LLC, YouTube LLC, Mark Zuckerberg, Jeff Bezos, Alphabet Holding Corporation, Facebook, Inc., and Amazon.com, Inc.*

*alleging a wide-ranging antitrust conspiracy. That lawsuit is dismissed for lack of jurisdiction as frivolous. See Fed. R. Civ. P. 12(b)(1); Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998). Leave to amend is not granted, and no further filings will be accepted in the case. The remaining motions are denied as moot."* (DKT. 22) *"The Court enters judgment in accordance with the order at Dkt. No. 22. The Clerk of Court is directed to close the case."* (DKT. 23)

## VIII. Statement of Facts

### A. Appellant's Complaint

Appellant's COMPLAINT FOR DAMAGES against Appellees is set forth at Docket Number 1, in the district court. The complaint is 156 pages. The Appelles failed to plead, answer, or defend against the action (See Fed. R. Civ. P. Rule 55(a)), ... after repeated service by Appellant pursuant to Fed. R. Civ. P. 4(e)(1); and Cal. Civ. Pro. § 415.30. Thus, Appellant believes a recital of the facts as alleged in the complaint are not necessary for purposes of this appeal.

### B. The Fed. R. Civ. P. 12(b)(1) Dismissal as Frivilous

In 2018, <u>Appellant was the first litigant in the United States to pursue an Anti-Trust suit against the Appellees</u>. (*See, e.g., Williby v. Alphabet Corporation, No. 4:18-cv-04903-JST; Williby v. Alphabet Corporation, No. 4:18-cv-5986-JST.*) Appellant stipulates that he failed to cure deficiencies in both actions, resulting in dismissal and this court upholding said dismissals. The US Department of Justice

filed it's first anti-trust case against Appellee Alphabet, dba, Google, dba, YouTube, LLC, in October of 2020. The DOJ joined initially by eleven Republican state attorneys general. Just one day before the Colorado/Nebraska coalition filed its first anti-trust case, a smaller group of states, led by Texas, filed their own suit. This one is focused on Google's control over digital advertising, apart from its core search-advertising business. According to several studies, Google controls upwards of 90 percent of multiple parts of the digital advertising supply chain. The Texas lawsuit also includes a surprising allegation: that <u>Google struck an unlawful deal to get Facebook to ease up on competing with its ad business in exchange for preferential treatment in Google-run ad auctions</u>. If that's true, it would be a straightforward case of conspiring to restrain trade in violation of Section 1 of the Sherman Act, which outlaws such deals between companies.

The number of legal challenges Google is facing continues to grow as <u>a coalition of attorneys general from 36 states and the District of Columbia filed an anti-trust lawsuit against Appellee Alphabet, dba, Google, dba, YouTube, LLC.</u>, on July 7, 2021, alleging the company is engaged in anti-competitive behavior and monopolizing the Google Play Store. The lawsuit alleges: "To collect and maintain this extravagant commission, Google has employed anti-competitive tactics to diminish and disincentivize competition in Android app distribution. [...] Google has not only targeted potentially competing app stores, but also has ensured that

app developers themselves have no reasonable choice but to distribute their apps through the Google Play Store."

On Tuesday, January 11, 2022, Judge James Boasberg of the U.S. District Court of the District of Columbia allowed the Federal Trade Commission's antitrust lawsuit against Facebook to move forward. Judge Boasberg rejected Facebook's request to dismiss the case.  Judge Boasberg dismissed the action last year due to insufficient pleading. The FTC claimed Appellee Facebook had a monopoly in social media and abused that power by harming competition. The FTC refiled the case in August of 2021. On Tuesday, January 11, 2022, Judge Boasberg said that the FTC had provided adequate support of its complaint. Judge Boasberg ruled the FTC could proceed with its claims that the company abused its monopoly power through acquisitions, which the agency has described as a "buy-or-bury" strategy.

On Friday, March 18, 2022, Judge Hiram Puig-Lugo of the Superior Court of the District of Columbia granted Appellee Amazon's motion to dismiss the antitrust complaint filed by Washington D.C. attorney general Karl Racine in 2021. The suit accused Appellee Amazon of antitrust violations for barring third-party sellers from offering better deals for their products elsewhere. The decision did not state a reason for dismissing the case. D.C. Attorney General Karl Racine (D) filed a notice of appeal Thursday, August 25, 2022, to revive the antitrust case against Amazon.

California is suing Appellee Amazon. The State is accusing the Appellee of violating the state's antitrust and unfair competition laws by stifling competition and engaging in practices that push sellers to maintain higher prices on products on other sites. The 84-page lawsuit filed was Wednesday, September 14, 2022 in San Francisco Superior Court. The suit by California mirrors the complaint filed last year by the District of Columbia. California Attorney General Rob Bonta's office said Seattle-based Amazon used contract provisions to effectively bar third-party sellers and wholesale suppliers from offering lower prices for products on non-Amazon sites, including on their own websites. That, in turn, harms the ability of other retailers to compete. The suit alleges that Appellee Amazon controls roughly 38% of online sales in the U.S., more than Walmart, eBay, Apple, Best Buy and Target combined, according to the research firm Insider Intelligence. About 2 million sellers list their products on Amazon's third-party marketplace, accounting for 58% of the company's retail sales.

## C. Summary of Appellant's Argument

Federal Rule of Civil Procedure 55 (a) provides: "**Entering a Default**. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, <u>the clerk must enter the party's default</u>."

(b) Entering a Default Judgment.

(1) "By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person."

A motion to dismiss filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure "allow[s] a party to challenge the subject matter jurisdiction of the district court to hear a case."

The two principal statutes dealing with judicial recusal are 28 U.S.C. § 144, "Bias or prejudice of judge," and 28 U.S.C. § 455, "Disqualification of justice, judge, or magistrate." Section 455(a) deals not only with actual bias as well as other specific conflicts of interest, <u>but also with the appearance of partiality</u>.

## IX. Argument

### A. The Appellees, Jointly and Severally, have Failed to Defend Against the Action

In this case, the district court abused its discretion when it dismissed Appellant's action. The public policy favoring the disposition of cases on their merits-ordinarily weighs against dismissal. Pursuant to Federal Rule of Civil Procedure 55(b), the court may enter default judgment against a defendant who has failed to plead or otherwise defend an action. "The district court's decision whether to enter

default judgment is a discretionary one." <u>Aldabe v. Aldabe</u>, 616 F.2d 1089, 1092 (9th Cir. 1980). The Ninth Circuit has provided seven factors for consideration by the district court to determine whether to enter a default judgment, known commonly as the Eitel factors. They are: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of dispute concerning material facts; (6) whether default was due to excusable neglect and; (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir. 1986). When assessing these factors, all well pled factual allegations in the complaint are taken as true, except those with regard to damages. <u>Televideo Sys., Inc. v. Heidenthal</u>, 826 F.2d 915, 917-18 (9th Cir. 1987).

On balance, the Eitel factors favored the entry of default judgment. As to the first factor, denying Appellant's application for default judgment made little sense since Appellees have not defended against Appellant's causes of action. The court would hear and review the same evidence it has before it now if Appellant was required to prove up its case at an uncontested trial. For this reason, Appellant has been prejudiced in the form of further delay and (appeal) expense since the court denied the application. This factor weighed in favor of default judgment.

As to the second and third factors, Appellant's substantive claims appear facially meritorious and the Complaint is sufficient to support a judgment.

Additionally, Appellant has stated relevant authority pursuant to which the court may provide relief. These factors also weighed in favor of default judgment.

As to the fourth factor, the sum of money at stake is $10,000,000.00. This amount is significant. See Eitel, 782 F.2d at 1472 (the fact that $2,900,000 was at stake, when considered in light of the parties' dispute as to material facts, supported the court's decision not to enter judgment by default). But at the same time, the fraudulent conduct alleged is extensive and involves factoring payments of a defined sum. Notably, the amount of alleged payments has not been disputed. All things considered, the amount requested did not weigh strongly against entry of default judgment.

As to the fifth factor, there is no dispute of material fact. Indications there is a dispute of material fact can weigh against entry of default judgment. Id. at 1471-72. But here, neither Appellee has disputed any of Appellant's factual contentions.

For the sixth factor, it is unlikely that default was the result of excusable neglect. This action was filed in 2021. Appellees were served with process and initially failed to respond to the Complaint, thus abandoning any defense. Appellees were also served (repeatedly) with copies of the Default/Default Judgment motions and their supporting materials, but did not submit a response. (Dkt. Nos. 6-thru-21.) This factor, therefore, weighed in favor of default judgment.

Finally, the seventh factor weighed in favor of default judgment because "although federal policy favors decisions on the merits, Rule 55(b)(2) permits entry of default judgment in situations such as this where defendants refuse to litigate." J & J Sports Prods, Inc. v. Concepcion, No. 10- CV-05092, 2011 U.S. Dist. LEXIS 60607, at *5, 2011 WL 2220101 (N.D. Cal. June 7, 2011). Thus, the general policy in favor of merits decisions is outweighed by the specific considerations made in this case.

The "entry of default by the clerk is a prerequisite to an entry of default judgment." Vongrabe v. Sprint PCS, 312 F. Supp. 2d 1313, 1318 (S.D. Cal. 2004). Moreover, the Ninth Circuit has opined "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984). Where, as here, however, a party does not respond to a properly served Complaint and ignores a duly issued and properly served Summons of a Court, a default judgment, though drastic, is the appropriate and, indeed, only recourse. The Ninth Circuit has held that "a defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." TCI Group Life Ins. Plan, 244 F.3d at 697.  The concept of "intentionally" in this context refers to conduct that is willful, deliberate, or that evidences bad faith. Id. TCI Group explicitly holds at 699, n.6 [...] On the contrary, courts "tend[] to consider the defaulting party's general familiarity with legal processes . . . as

pertinent to the determination whether the party's conduct in failing to respond to legal process was deliberate, willful or in bad faith." Id.

## B. The Fed. R. Civ. P. 12(b)(1) Dismissal Constitutes Abusive Error

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action for "lack of subject matter jurisdiction." See FED. R. CIV. P. 12(b)(1). A court considering either type of motion assumes that the facts alleged in the complaint are true and <u>views the complaint in the light most favorable to the plaintiff</u>. The Appellant notes that the Appellees failed to defend against the action in the District Court. <u>The Appellees had every opportunity to file a Fed. R. Civ. P. 12(b)(1) Motion to Dismiss. However, they failed to do so</u>.  A motion to dismiss filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure "allow[s] a party to challenge the subject matter jurisdiction of the district court to hear a case." A Rule 12(b)(1) motion can challenge the sufficiency of the pleadings to establish jurisdiction (facial attack), or a lack of any factual support for subject matter jurisdiction despite the pleading's sufficiency (factual attack).  For a facial attack, all allegations are accepted as true. Id. For a factual attack, evidence outside the pleadings needed to resolve factual disputes as to jurisdiction may be considered. See <u>Assoc. of Am. Med. Coll. v. United States</u>, 217 F.3d 770, 778 (9th Cir. 2000). Plaintiffs have the burden of establishing jurisdiction. See <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S. 375, 377 (1994). In a Rule 12(b)(1) motion, the burden of proving that jurisdiction does exist falls to the party asserting jurisdiction. In the

instant case, Appellant had no prior knowledge that a Rule 12(b)(1) motion was made, or pending. The district court decided the central legal issue on the merits on a Fed. R. Civ. P. 12(b)(1) motion to dismiss, ... made by the court, without notice to the Appellant. A motion to dismiss a complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P 12(b)(1) "addresses whether [the plaintiff] has a right to be in the district court at all and whether the court has the power to hear and dispose of [the plaintiff's] claim."  (citation omitted). The motion to dismiss should only be granted "if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." Id. (citation omitted).

## C. Recusal Under 28 U.S.C. § 455(a) Was Required Sua Sponte

The appearance of impropriety exists with respect to judges appointed by President Obama, presiding over cases in which Appellees, or any of her subsidiaries, are Plaintiffs, or Defendants.

Appellant specifically alleged in his complaint that Appellee Mark Zuckerberg, dba, Facebook engaged in the following conduct: 1) Facebook, Inc. invited candidates for U.S. political office to create Facebook pages; 2) Facebook founder Chris Hughes created Senator Obama's Facebook page and the website Obama for America (which was instrumental in securing campaign donations and voters); 3) then-Senator Barack Obama through his agent, Reggie Love, recruited

Facebook founder Chris Hughes to work in the Barack Obama, 2008 Presidential Campaign; 4) Facebook, Inc., by and through Mark Zuckerberg allowed Obama to campaign for President (in 2008 and 2012) at Facebook's headquarters; 5) Facebook, Inc., provided financial support for Obama's Presidential campaigns; 6) Facebook, Inc. created Facebook user and tracking "Apps" at the direction of President Barack Obama; 7) Facebook allowed President Obama to hack Facebook user profiles during the 2012 election campaign; and 8) Facebook's Election Integrity Program was created at the suggestion and direction of President Barack Obama. The Appellant factually alleged the same claims against Appellee Alphabet, Inc., in the instant matter, in the district court.

In 2008 and 2012, Appellee Alphabet, Inc., dba, Google, LLC., dba, YouTube, LLC., knowingly and willfully, converted their private corporation into a forum to elect a sitting U.S. Senator, Barack Obama, to the Presidency of the United States. Appellee Alphabet, Inc., dba, Google, LLC., dba, YouTube, LLC., was successful on both occasions. For a period of eight years, Appellee's corporate leaders worked for, with, on behalf and at the direction of the President of the United States. Appellant further alleged that said Defendants, were in fact employed by President Obama's 2008 and 2012 transition teams, and in fact were employed in the Obama administration, … while simultaneously serving as corporate leaders in the Alphabet Corporate structure. The Appellees were rewarded with the The UMX U686CL "Free Obama Phone," which runs on the Appellees Android

Operating System. All of the Appellees function on the Android OS and exercise complete platform control. The pre-installed (digital advertising) malware on Android devices forecloses any competition is digital advertising by Appellant, or any other party, not associated with Appellees. 18 U.S. Code Section 1030 criminalizes the distribution of malicious software.  Section 5(A) specifically prohibits you from knowingly causing information, code, commands or programs to be transmitted to a computer without authorization.

In furtherance of the Appellees conspiracy to engage in anti-competitive practices, contracts between the federal government and Amazon, Google, Facebook, and Twitter have exploded in number. As of September 2021, Google has netted $16 million in contracts with the Pentagon, another $2 million with DHS, and nearly $4 million with the Department of Justice (the majority of that with the FBI). Facebook has just over $167,000 in contracts with the Pentagon and $363,600 with the Department of Homeland Security. Twitter, meanwhile, secured a $255,000 contract with DHS. Since 2004, <u>five U.S. government agencies have spent at least $44.7 billion on services from Facebook, Amazon, Google, Twitter (owned by Google/Bezos) and Microsoft</u>. From 2007 to 2019, Amazon saw a 400 percent increase in all federal contracts.

In November of 2021, the CIA awarded its C2E contract,  potentially worth tens of billions of dollars, to five companies: <u>Amazon, Google</u>, Microsoft, Oracle and IBM. The companies will compete for specific task orders for certain

intelligence needs. In 2021 (Biden), the National Security Agency awarded a secret cloud computing contract worth up to $10 billion to Amazon Web Services. The contract's code name is "WildandStormy." In 2020 (Biden), <u>Amazon secured at least a portion of the CIA's multibillion-follow-on C2E contract</u>. Amazon first inked a $600 million cloud contract with the CIA called C2S in 2013 (Obama). Amazon provided cloud services to the CIA and sister intelligence agencies, including the NSA.

On November 21, 2021, <u>Appellees Bezos, dba, Amazon announced a $100 Million dollar donation to Barack Obama's Private Foundation</u>. The $100 million donation was arranged by Jay Carney, Bezos' political liaison and the former Obama press secretary. Carney was the point man for Bezos, and Obama eventually spoke directly with the Amazon C.E.O. earlier this year. <u>The donation is the largest individual contribution the Obama foundation has received to date</u>. In addition, virtually every book written by Obama is sold through Amazon. 11 CFR § 9012.5 (Kickbacks and illegal payments) holds: (a) It shall be unlawful for any person knowingly and willfully to give or accept any kickback or any illegal payment in connection with any qualified campaign expenses of any eligible candidate or his or her authorized committee(s). Subdivision (b) holds: It shall be unlawful for the national committee of a major or minor party knowingly and willfully to give or accept any kickback or any illegal payment in connection with

any expense incurred by such committee with respect to a Presidential nominating convention.

Amazon paid no taxes under Obama. Amazon has never paid any taxes no matter who was in office. Amazon actually owed money to the federal government in 2019. After two straight years of paying $0 in U.S. federal income tax, Amazon was on the hook for a $162 million bill in 2019. $162 million is still just a fraction of the $13.9 billion in pre-tax income Amazon reported for 2019 (roughly 1.2%, in fact). The federal corporate tax rate is 21%. However, as in the past, Amazon employed various tax credits and deductions to reduce its federal tax bill. Amazon also reported $280.5 billion in total revenue in 2019. In 2018, Amazon posted income of more than $11 billion, but the company paid $0 in federal taxes. In fact, thanks to tax credits and deductions, Amazon actually received a federal tax refund of $129 million. That was a year after Amazon received a $137 million refund from the federal government for 2017.

In furtherance of the Appellees conspiracy to engage in anti-competitive practices, the Appellees, and each of them, jointly and severally, provided the sitting (and now former) President with services of monetary value. In the 2020 election cycle, the Appellees, jointly and severally, donated over $430 million dollars to Democrat candidates.

Section 455(a) not only may be invoked by motion, <u>but also requires judges to recuse sua sponte where appropriate</u>. Sections 455(a) spells out certain situations in which partiality is presumed and recusal is required. It is no longer the case that a judge should recuse where "in his opinion" sitting would be improper, <u>but rather where his or her impartiality "might reasonably be questioned."</u>  Any circumstance in which a judge's impartiality might reasonably be questioned, whether or not touched on in section 455(b), requires recusal under section 455(a). See <u>Liljeberg v. Health Servs. Acquisition Corp</u>., 486 U.S. 847, 860 n.8 (1988). "… [t]he Code of Conduct is the law with respect to the ethical obligations of federal judges." <u>United States v. Microsoft Corp</u>., 253 F.3d 34, 113 (D.C. Cir. 2001). [Plaintiff has a Constitutional] right to a "neutral and detached judge." (Citations Omitted). The wording of section 455 now parallels that of Canon 3C of the Code. For the foregoing reasons, the order of the district court dismissing Appellant's Complaint, with prejudice, must be reversed.

## X. Conclusion

Based upon the foregoing, the final judgment of the District Court must be reversed.

## XI. Relief Sought

Wherefore, Plaintiff would pray this court do the following:

1. Reverse the order of the district court dismissing Plaintiff's First Amended Complaint, under Rule 12(b)(1) without leave to Amend;

2. Remand with instructions to enter default and default judgment against the Appellees, jointly and severally; and

3. Remand with an order of Recusal of Judge Vince Chhabria and all the judges and magistrates of the Northern District of California, District Court appointed by President Barack Obama from presiding over the matter, on remand.

Dated: September 26, 2022

Respectfully submitted,


Harry J. Williby

Harry J. Williby

Appellant, In Pro Se

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rules of Appellate Procedure 29(d) and 32(a)(7)(C), I certify that this brief is proportionately spaced with one inch margins on all four corners with a total of 6,132 words.

Dated: September 26, 2022


<u>Harry J. Williby</u>

Harry J. Williby

Appellant, In Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that on this, the 26th day of September, 2022, I electronically filed the foregoing Appellant's Opening Brief, with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to:

YouTube, LLC.,% Nicole Alston, General Counsel;
Facebook, Inc./Meta, Jennifer G. Newstead, Esq.;
Amazon, Inc., David Zapolsky, SVP-Gen. Counsel;
Alphabet, dba, Google, Inc.; Halimah DeLaine Prado, Gen. Counsel;

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on September 26, 2022 at Redding, California.

Respectfully submitted,

Harry J. Williby
_____
HARRY J. WILLIBY (Electronic Signature)
P.O. Box 990755
Redding, CA 96099-0755
(916) 519-4649
harrywilliby@gmail.com